UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 18-2374-JGB (KKx) | Date: | November 15, 2019 |
| Title: | *Sandy Santos v. Highland AL-MC GP, LLC, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting In Part Defendant's Motion for Fees and Costs and for Sanctions for Discovery Abuses [Dkt. 18]

On October 17, 2019, Defendant Highland AL-MC GP, LLC as General Partner of Highland AL-MC Group, Limited Partnership, dba Brightwater Senior Living of Highland, ("Defendant") filed a Motion for Fees and Costs and for Sanctions for Discovery Abuses ("Motion") seeking to recover fees and costs pursuant to Federal Rule of Civil Procedure 30(g) ("Rule 30(g)") in the amount of $6,329.00 and for fees incurred in bringing the instant Motion. ECF Docket No. ("Dkt.") 18. For the reasons set forth below, Defendant's Motion is granted in part.

# I.
# BACKGROUND

On October 5, 2018, Plaintiff Sandy Santos ("Plaintiff") initiated this action by filing a Complaint for Damages for Disability Discrimination in Employment, Wrongful Termination, and Related Claims ("Complaint") in the San Bernardino County Superior Court. Dkt. 1, Ex. A. On November 5, 2018, Defendant filed an Answer. Dkt. 1, Ex. B. On November 7, 2018, Defendant removed the action to this Court. Dkt. 1.

On February 14, 2019, the Court issued a Scheduling Order setting a discovery cut-off (including hearing of discovery motions) of September 30, 2019 and trial for February 4, 2020. Dkt. 13.

On Friday, September 20, 2019, Plaintiff served a deposition notice with three subpoenas commanding the appearance of nonparty witnesses, Taylor Shreve, Melissa Espitia, and Jennifer Lee, for deposition on September 30, 2019 at Plaintiff's counsel's office in Los Angeles. Dkt. 18-2,

Declaration of Haley Morrison ("Morrison Decl."), ¶ 2, Ex. 1; Dkt. 22-1, Declaration of Zach McCort ("McCort Decl."), ¶ 4.

On September 24, 2019, Plaintiff's counsel's litigation assistant, Zach McCort, confirmed with the messenger service that "service of deponents was proceeding." McCort Decl., ¶ 4, Ex. 3.

On Friday, September 27, 2019, McCort emailed Defendant's counsel to see if there were any "updates" regarding the depositions. Morrison Decl., ¶ 6, Ex. 4. Defendant's counsel responded that she "plan[ned] to be there Monday" and requested to be notified as soon as possible if "the deponents (or any one of them) does not plan to attend . . . so that I can adjust my travel arrangements." Id.

On Sunday, September 29, 2019 at 7:01 p.m., while Defendant's counsel was en route to Los Angeles from her office in Portland, Oregon, McCort sent an email stating, "We have not as of yet confirmed service of deponents. I will keep you updated. . . . ." Morrison Decl., ¶ 7, Ex. 4; McCort Decl., ¶ 8. Defendant's counsel promptly responded that she was en route to Los Angeles and "did not understand that service had not even been perfected; I thought you just didn't know whether they are planning to attend." Morrison Decl., ¶ 7, Ex. 4.

On Monday morning, September 30, 2019, Plaintiff's counsel received confirmation from the messenger service that Ms. Lee had been served at 9:00 a.m. on Sunday, September 29, 2019. McCort Decl., ¶ 10, Ex. 9.

On Monday, September 30, 2019, when Defendant's counsel arrived at Plaintiffs' counsel's office for the depositions, she was informed that Ms. Lee had been served, but did not intend to appear. Morrison Decl., ¶ 9. Plaintiff's counsel then arrived and explained that service had not been perfected on the other two witnesses and no depositions would go forward that day. Id. Plaintiff's counsel told Defendant's counsel, "if I had known the preceding Friday that none of the deponents had been served, I would have told [Defendant's counsel]." Dkt. 22-1 at 6-7, Declaration of Geoffrey Lyon ("Lyon Decl."), ¶ 2. Defendant's counsel rescheduled her return travel and flew back to Portland that afternoon. Morrison Decl., ¶ 10.

On October 1, 9, and 11, 2019, Defendant's counsel sent Plaintiff's counsel emails attempting to meet and confer regarding reimbursing her for the expense of traveling to the depositions. Morrison Decl., ¶¶ 11-13, Exs. 6, 7.

On October 17, 2019, Defendant filed the instant Motion. Dkt. 18. On October 31, 2019, Plaintiff filed an Opposition. Dkt. 22. On November 6, 2019, Defendant filed a Reply. Dkt. 24. The matter thus stands submitted.

## II.
## DISCUSSION

### A.    APPLICABLE LAW

The Federal Rules of Civil Procedure ("Rules") require the rules "be construed, administered, and employed by . . . the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Rule 30 governs depositions by oral examination.  See Fed. R. Civ. P. 30.  Rule 30(a)(1) provides that, subject to certain limitations, "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ."  Fed. R. Civ. P. 30(a)(1).  However, a nonparty to a civil suit may only be required to testify at a deposition pursuant to a subpoena.  Fed. R. Civ. P. 30(a)(1).  "Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."  Fed. R. Civ. P. 45(b)(1).  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1).  In addition, "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."  Fed. R. Civ. P. 30(b)(1); see also Fed. R. Civ. P 45(d)(3)(A)(i) (requiring the court to quash or modify a subpoena that "fails to allow a reasonable time to comply").

Rule 30(g) provides:

> **Failure to Attend a Deposition or Serve a Subpoena; Expenses**.  A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to:
> (1) attend and proceed with the deposition; or
> (2) serve a subpoena on a nonparty deponent, who consequently did not attend.

Fed. R. Civ. P. 30(g).

When an award of attorney's fees and expenses is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate."  Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted).  The moving party has the burden to produce evidence that the rates and hours worked are reasonable.  See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

**B.    ANALYSIS**

   **1.    An Award of Expenses is Appropriate**

Here, Defendant's counsel expected the depositions of Shreve, Espitia, and Lee to go forward on September 30, 2019 because she was served with notice of the depositions on September 20, 2019, including copies of the subpoenas on the non-party witnesses.  Morrison Decl., ¶ 2, Ex. 1.  Despite the short notice, Defendant's counsel made arrangements to attend the depositions and informed Plaintiff's counsel's assistant on Friday, September 27, 2019 she would "be there Monday."  Id., ¶ 6, Ex. 4.  Defendant's counsel further requested to be notified if the depositions would not go forward so that she could "adjust [her] travel arrangements."  Id.  Nonetheless, it was not until Sunday evening, September 29, 2019, that Plaintiff's counsel first informed Defendant's counsel the witnesses had not been served.  Id., ¶ 7, Ex. 4; McCort Decl., ¶ 8.  Plaintiff's counsel did not, however, cancel the depositions; thus, Defendant's counsel appeared on Monday, September 30, 2019 at Plaintiff's counsel's office expecting the depositions to be taken.  Morrison Decl., ¶ 9; see also dkt. 22 at 11 (Plaintiff argues she would "need to proceed with the depositions" if any of the

witnesses appeared because the discovery cut-off was September 30, 2019). However, because Plaintiff failed to properly serve any of the witnesses with a subpoena,[1] none of them appeared for depositions on September 30, 2019.

Plaintiff argues the cases cited by Defendant are distinguishable because in those cases there was "no *attempt* to subpoena the witnesses." Dkt. 22 at 7 (emphasis in original). The Court finds this distinction is not material. Plaintiff's counsel also appears to believe he should be excused from informing Defendant's counsel that the witnesses had not been served because he "was not personally aware" that they had not been served as of Friday, September 27, 2019 due to a delay in receiving information from the messenger service. See Lyon Decl., ¶ 3. This attempt to literally "blame the messenger" is not well-taken. Ultimately, Plaintiff's failure to do ensure proper service resulted in the witnesses failing to appear and Defendant incurring expenses for its counsel to appear at the depositions.

Hence, an award of reasonable expenses for attending, including attorney's fees, is appropriate pursuant to Rule 30(g)(2). See Greenwood v. Dittmer, 776 F.2d 785, 790-91 (8th Cir. 1985) (affirming decision reimbursing expenses pursuant to Rule 30(g)(2) where witness, who appeared but refused to testify, was not served with a subpoena); Todd v. Lamarque, No. C 03-3995SBA, 2008 WL 2095513, at *4 (N.D. Cal. May 16, 2008).

### 2. Reasonableness of Expenses Requested

Defendant's counsel states she incurred $959.22 in expenses for airport parking, flights between Portland and Los Angeles, one night at a hotel in Los Angeles, and transportation in Los Angeles between the hotel and Plaintiff's counsel's office. Morrison Decl., ¶ 16, Ex. 9. In addition, Defendant incurred $5,370.00 in attorney's fees as follows: (1) 6.2 hours travelling to Los Angeles and 6 hours returning to Portland at a rate of $400 per hour, and (2) 2 hours attending the deposition at a rate of $245 per hour to attend the deposition.[2] Id. Accordingly, Defendant seeks a total award of $6,329.22.

---

[1] Plaintiff argues Ms. Lee was served with a subpoena and, therefore, Rule 30(g) is not applicable. Dkt. 22 at 7. However, Ms. Lee was not given a reasonable time to comply and was, therefore, not properly served. LA Printex Indus., Inc. v. VF Corp., No. CV 13-0949 PSG (SSx), 2014 WL 12587037, at *2 (C.D. Cal. Jan. 14, 2014) (finding subpoena served with only one day's notice "failed to provide reasonable notice [to the witness] as required by the Federal Rules"); Bresk v. Unimerica Ins. Co., No. CV 16-8893 ODW (SSx), 2017 WL 10439831, at *7 (C.D. Cal. Nov. 16, 2017) ("While the determination of what constitutes 'reasonable notice' may depend on the circumstances of the case, courts often consider ten days to be a minimum standard of reasonableness." (citing Reddy v. Precyse Sols. LLC, No. 1:12-CV-02061-AWI, 2015 WL 2081429, at *3 (E.D. Cal. May 4, 2015) (noting "courts generally find that one week to ten days' notice is reasonable")); Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008) (finding two weeks was reasonable notice and noting generally "[T]en business days' notice [of a deposition] would seem to be reasonable").

[2] Defendant's counsel explains the different rates are a result of her agreement with Defendant. Id., ¶ 16.

The Court finds the expenses incurred by Defendant and Defendant's counsel's hourly rate are reasonable.  See Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir. 1993) ("[A]n award of attorney's fees may be based on the affidavits of counsel, so long as they are 'sufficiently detailed to enable the court to consider all the factors necessary in setting the fees.'"); Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 277 (C.D. Cal. 2008) (awarding $5,585.00 as reasonable expenses incurred in making motion to compel, finding 8.5 hours and hourly rate of $490 reasonable); Tacori Enters. v. Beverlly Jewellery Co., 253 F.R.D. 577, 585 (C.D. Cal. 2008) (awarding $6,150.00 as reasonable expenses incurred in making similar motion to compel, finding 7.5 hours spent by two attorneys whose hourly rates were $555 and $265 reasonable).  Accordingly, Defendant's request for reimbursement of its reasonable expenses incurred in having Defendant's counsel attend depositions in Los Angeles that did not go forward because Plaintiff failed to properly serve the witnesses with subpoenas is GRANTED.  Plaintiff and Plaintiff's counsel, jointly and severally, shall pay to Defendant the sum of $6,329.22.

Defendant also requests an award of attorney's fees incurred in bringing the instant Motion pursuant to the Court's inherent authority to award sanctions for discovery abuses.  Dkt. 18-1 at 5-6.  However, Defendant's counsel does not provide the Court with any evidence of the time she spent preparing the Motion and cites no binding authority where courts have awarded such fees beyond those expenses permitted by Rule 30(g).  In addition, Plaintiff's failure to serve the subpoenas and timely update Defendant's counsel on the status of service, while unfortunate and careless, does not alone appear to rise to the level of bad faith.  This Court, therefore, declines to award additional monetary sanctions at this time.

## III.
## ORDER

Based upon the foregoing reasons, Defendant's Motion is GRANTED IN PART.  **Within thirty (30) days of the date of this Order**, Plaintiff and Plaintiff's counsel, Geoffrey Lyon of Lyon Law PC, jointly and severally, shall pay to Defendant the sum of $6,329.22 as reasonable attorney's fees and costs pursuant to Rule 30(g).

**IT IS SO ORDERED.**